## WEIN vs. STATE OF MISSOURI.

1. The circuit court should not give an instruction which contains merely an abstract legal proposition.

2. An indictment which charged the defendant with stealing five red cows of the value of fifteen dollars each; five black cows of the value of fifteen dollars each; five white cows, &c., all the property of A, is good.

## APPEAL from St. Louis Criminal Court.

SHREVE, for appellant.

The main point insisted on by the defendant, (plaintiff in error,) is, that under this evidence the jury ought not to have found him guilty, and the court ought to give a party a new trial when the weight of evidence clearly shows that the jury either misunderstood or evaded the evidence. This court repeatedly decided that though the jury are the judges of facts in the case, that when they have found manifestly against the evidence, or the weight of evidence, they will grant a new trial. State vs. Bird, 1 Mo. R., 416; Archbold 98-9.

This appeal is taken because of the merits of the case. Wein is innocent of this charge in fact, and innocent under the evidence, and has been convicted through the refusal of the court to grant the instruction asked by the defendant, (which will be hereafter noticed) and which refusal by the court below was equivalent to to an instruction to the jury that they ought to believe the evidence of the prosecutor, Goldsmith. The court will bear with me while I refer to that testimony (Goldsmith's,) as it involves the propriety, but as I conceive, not the legality of the instruction before referred to, and which was overruled by the court below. This witness identifies emphatically three head of cattle, which he says were stolen from his pasture. Which cattle he had not seen for a week after the same were slaughtered, skinned, and the offal therefrom, including the heads which were skinned and deposited upon the cattle Potter's field. He recognises them by no particular marks, can give no description of them further than that the horns of one were neat and nice; the horns of another not exactly alike; and the other he does not and cannot tell how he recognizes it. I regret that the urgency with which he was pressed for particulars by which he identified them cannot be preserved in a transcript. This identifying took place, too, several days after they had been in common with many others deposited upon this horned golgotha. He also swears that defendant had no cattle, and never had had in his pasture—a fact controverted by both Bogue and Hanall. He also swears, no one ever sold him any cattle that were in his pasture—a fact which it is impossible he should or could know. Goldsmith differs from the next witness introduced by the State in the description of the cattle killed. And the court will observe that the cattle charged in the indictment to have been stolen, were five white and black, five spotted, five yellow, five white cows, and five cows the color of which is not given. Goldsmith swears the cows which he identified by their skinned heads, were one red heifer, one brindle heifer, and one red cow with a white back. A total variance from those charged in the indictment.

Based upon this testimony, and the manner of the witness from which says Starkie, "much may be gathered," but which cannot be embodied in a transcript. The defendant asked the court to instruct the jury, "If you believe from the evidence that the witness, Goldsmith, wilfully stated any "material fact" in the case "falsely," the jury are authorized to discredit the

Wein vs. The State.

whole of his testimony." To support this instruction the court is referred to Starkie's Ev. vol. 1, p 582; (well settled.) We insisting that the circumstances, the evidence as stated fully warrant this instruction, even if it were a question of propriety to be determined by the court, which is denied. At any rate, it should have been given by the court, and left to the jury to apply the facts.

The remaining point to which the court is invited, is the overruling by the court of the motion in arrest. It is needless to say this was the proper mode to reach the defect sought to be remedied.

An indictment should set forth the offence, with particularity, so as to enable the defendant to defend every allegation therein. This indictment is multifarious, uncertain and unprecedented; and the result shows the evidence neither for the state, nor for the defence applicable to it.

To show the certainty required in an indictment, the court is referred to Wharton Cr. L. p. 81; Jam vs. State, 3 Mo. R. p. 45.


LACKLAND, for the State.


We pass by the plea in abatement, simply remarking that it is bad. It presents a question of law, and not one of facts, and alleges insufficiency of allegations in indictment. This, if true, is not available by plea in abatement, by motion to quash, demurrer, or motion in arrest. Defendant waived his plea in abatement, by pleading over to the merits.

There is no error in the instruction given, and if there were error, defendant has waived his right, because the record does not show that any exceptions were taken to the instructions given.

The court did not err in refusing the instructions asked by the defendant. The giving of such instructions is a matter of discretion with the court. The propriety of giving such instructions can only be made manifest upon the trial, by the demurrer of the witness and the matter testified to by him, or from the fact that he has been impeached. From these facts alone, the court in its discretion has to say whether such instructions were applicable. If not applicable by the existence of one of the above reasons, then the instructions asked contains mere abstract law; and the record does not show that any such instructions was applicable.

The court did not err in refusing to grant a new trial. The evidence supports the charges and no error was committed by the court.

The court did not err in overruling the motion in arrest. The allegations in the indictment are sufficient. The property stolen is described under the name of cow, a term specified, and in itself sufficient, and the color of the cows is also alleged.

This court in the case of State vs Logan, 1 Mo. R. 377, decided upon an indictment for "stealing a book of the value of three dollars," that the allegation was sufficiently certain, and need not allege the title of the book. The indictment in this case certainly has more certainty than that in the case of Logan.

It informs the defendant of what he has to answer, and is therefore sufficient.


RYLAND, J., delivered the opinion of the court.

At the September term, 1849, of the St. Louis criminal court, the appellant, George Wein, was indicted for grand larceny. The following is a copy of the indictment:

Wein vs. The State.

STATE OF MISSOURI,    } St. Louis Criminal Court.
County of St. Louis,    }

September Term, 1849.

The grand jurors of the State of Missouri, within and for the body of the county of St. Louis, now, here in court, duly empannelled, sworn and charged, upon their oath present that George Wein, otherwise called George Wien, late of St. Louis, in St. Louis county, on the first day of June, in the year of our Lord, one thousand eight hundred and forty-nine, at St. Louis county aforesaid, with force and arms, five red cows, of the value of fifteen dollars each; five brindle cows, of the value of fifteen dollars each; five black cows, of the value of fifteen dollars each; five red and white cows, of the value of fifteen dollars each; five black and white cows, of the value of fifteen dollars each; five spotted cows of the value of fifteen dollars each; five yellow cows, of the value of fifteen dollars each; five white cows, of the value of fifteen dollars each; five cows of the value of fifteen dollars each; all of the property of William H. Goldsmith, then and there being found, feloniously did then and there steal, take and carry away, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

Upon the indictment the said George Wein was arrested, and on the 10th of October, 1849, he filed a plea, of which the following is a copy :

"State of Missouri vs. George M. Wein—Grand Larceny in St. Louis Criminal Court, September term, 1849. The defendant in the above cause comes and asks the indictment should abate, because, 1st, there is no sufficient legal certainty in the indictment—it does not allege the offence with sufficient certainty to enable the defendant to defend the same. 2nd, the defendant is charged in the alternative, which is inadmissible, unless done in separate counts. 3d, the allegations in the indictment are repugnant and evil for uncertainty. 4th, because the indictment is otherwise defective. Shreve, attorney for defendant.

On the 25th October the plea was submitted to the court, and was overruled by the court. The entry upon the record is such a judgment as would have been pronounced by the court upon demurrer to the above plea. On the same day the record states that the defendant was arraigned, and plead not guilty. A jury was empannelled, and by their verdict they convicted the defendant, and assessed his punishment to two years imprisonment in the State penitentiary.

The appellant moved for a new trial. 1st, Because the verdict of the jury is against the law.

2nd. Because it was against the evidence in the cause.

3d. Because it was against the weight of evidence.

4th. The court erred in refusing instructions asked by defendant, which motion was overruled, and excepted to by appellant. The defendant below then filed his motion in arrest of judgment, alleging the insufficiency of the indictment, which motion was likewise overruled and excepted to. The defendant then prayed for an appeal, and brings his case to this court.

The evidence is set forth in the bill of exceptions : the appellant did not except to any instructions, which the court gave, and the instructions given appear by the record, to which we have no objection.

We are satisfied with these instructions, and they appear as follows :

"If the jury believe from the evidence that the defendant did steal, take and carry away any cows as charged in the indictment, the property of William H. Goldsmith, of any value whatever, and that he did so steal for the purpose of converting the same to his own use and profit, and that he did so steal in the county of St. Louis, and within three years before the finding of this indictment, they will find the defendant guilty, and assess his punishment by imprisonment in the penitentiary for a term not less than two nor more than five years."

"If the jury have reasonable doubt of the guilt of the accused, they ought to acquit."

The instruction which the defendant below, (the appellant) asked, and which was refused is as follows :

" If the jury believe from the evidence that the witness, Goldsmith, wilfully stated any material fact in the case falsely, the jury are authorized to discredit the whole of his testimony."

This appears to be the only instruction which the defendant below asked on the trial. This was refused.

From this statement of the facts, it is obvious that the action of the criminal court, in refusing the above instruction, and in overruling the motions for a new trial and in arrest of judgment, is properly before this court for our consideration.

The points on which the appellant relies for a new trial, is the refusal to give his instruction. If the criminal court erred in refusing the instruction, does it follow that it also erred in refusing to grant the new trial? I will examine this question. Instructions are given upon the facts in evidence so as to assist the jury in finding their verdict properly, in regard to the facts and the law of the case arising thereon. These instructions should not merely assert abstract legal principles—mere questions of law having nothing to do with the facts of the case, and the

courts have uniformly refused such, and should refuse to give such in every case. The instruction asked for by the defend't in this case, is of this character; it contains an abstract legal principle. It was known to every man old enough to be a juryman. Witnesses are introduced to enable the jury to find facts, and when a witness states a wilful falsehood before an intelligent jury, they know what weight to give his evidence. If there had been in this case any ground to authorize the court to point the attention of the jury to the testimony of the witness, under the suspicion of his evidence being false, there was a more suitable, a less objectionable mode for the defendant to have adopted, in which this object might have been attained, than the one here resorted to. We are not inclined to favor the refusal of instructions in criminal cases, which if given might do no harm, and yet might possibly assist the jury in coming to a correct conclusion.

The criminal court in this case might have instructed the jury as their right and their province to weigh the testimony of each witness, and to give such credence to the statement as they in their judgment thought just and consistent with the truth; and had the court been called on properly, we have no doubt such would have been the case. We will not therefore reverse for the refusal to give this instruction; though we would have been better satisfied, if the court had given a proper and legal instruction, on the subject of the one here refused, than merely to refuse it in the shape in which it was asked.

This view of the subject settles the point involved in the motion for the new trial.

Upon the subject of the motion in arrest, we will state, that in our view, the indictment is sufficient. We see no change in the *alternative.* We see no repugnancy in charging the stealing to be of cows of various colors. The indictment is sufficient, and the motion in arrest was properly overruled.

This subject was brought before the court, upon the plea of abatement, if it can be thus called. The court evidently treated the plea as though it had been demurred to, or as if it had been a demurrer to the indictment. We find nothing in the action of the court upon the subject; nothing injurious to the rights of the defendant.

We have looked into the testimony to see if the verdict has any foundation on which to rest; and without expressing any opinion of ours, or giving any intimation of our approbation or disapprobation, we say that from the evidence before them, we feel ourselves not warranted in disturbing their verdict.

The judgment of the criminal court is therefore affirmed.